## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**KIBWE RAYFORD, JR.,**                    CASE NO. 3:25 CV 269

    Plaintiff,

    v.                                       JUDGE JAMES R. KNEPP II

**KYLE MEDIA, INC.,**

    Defendant.                               **MEMORANDUM OPINION**
                                         **AND ORDER**

### INTRODUCTION

This Complaint is one of many in a long line of employment discrimination cases with which *pro se* Plaintiff Kibwe Rayford, Jr. has flooded the Lucas County Court of Common Pleas and, in turn, this Federal Court upon removal by the Defendants. *See Rayford, Jr. v. Amazon.com Services, LLC*, No. 3:24-cv-02195-JGC (N.D. Ohio) (removed Dec. 17, 2024); *Rayford, Jr. v. Kyle Media, Inc.*, No. 3:25-cv-00269-JRK (N.D. Ohio) (removed Feb. 12, 2025); *Rayford, Jr. v. Checkers Drive-In Restaurants, Inc.*, No. 3:25-cv-00294-JRK (N.D. Ohio) (removed Feb. 14, 2025); *Rayford, Jr. v. Panda Restaurant Group, Inc.*, No. 3:25-cv-00326-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Sigma Technologies, Ltd.*, No. 3:25-cv-00329-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. Advocates for Basic Legal Equality, Inc.*, No. 3:25-cv-00332-JJH (N.D. Ohio) (removed Feb. 18, 2025); *Rayford, Jr. v. CCFI Companies, LLC*, No. 3:25-cv-00338-JJH (N.D. Ohio removed Feb. 19, 2025); *Rayford, Jr. v. Krispy Kreme Doughnut Corporation*, No. 3:25-cv-00345-JRK (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Whiteford Kenworth*, No. 3:25-cv-00347-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford, Jr. v. Boy Scouts of America*, No. 3:25-cv-00348-JJH (N.D. Ohio) (removed Feb. 20, 2025); *Rayford,*

*Jr. v. Lucas County Workforce Development*, No. 3:25-cv-00350-JJH (N.D. Ohio) (removed Feb. 21, 2025); *Rayford, Jr. v. Board of Lucas County Commissioners*, No. 3:25-cv-00351-JRK (N.D. Ohio) (removed Feb. 21, 2025); *Rayford, Jr. v. Hospital Service Associates, Inc.*, No. 3:25-cv-00362-JJH (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Hirzel Canning Company*, 3:25-cv-00365-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Impact Employment Solutions*, 3:25-cv-00366-JRK (N.D. Ohio) (removed Feb. 24, 2025); *Rayford, Jr. v. Concord Care Center of Toledo*, No. 3:25-cv-00372-JJH (N.D. Ohio) (removed Feb. 25, 2025); *Rayford, Jr. v. Northwest Ohio Realtors*, No. 3:25-cv-00380-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Community Health Services*, No. 3:25-cv-00381-JRK (N.D. Ohio) (removed Feb. 26, 2025); *Rayford, Jr. v. Libbey Glass LLC*, No. 3:25-cv-00382-JRK (N.D. Ohio) (removed Feb. 26, 2025).

In each of the removed actions, Plaintiff utilizes the same self-styled form Complaint, changing only the name of the Defendant and the position for which he applied. In all other respects, the form is the same in each case. The form Complaints contain no facts specific to their respective case and simply list causes of action as Title VII, 42 U.S.C. § 2000e, the Americans with Disabilities Act ("ADA") 42 U.S.C. § 42112, and Title XV the Equal Employment Opportunity Act ("EEOA") 47 U.S.C. §554. The form states only that he applied for a position, and contains spaces for him to write in the job for which he applied, the date he applied, and the date on which his application was denied. The form then states that although he "surpass [sic] or meets the qualifications, … [he] was not selected for Interview or considered for hiring practices." (Doc. 1-2, at 3). The form Complaint states:

The discriminatory conduct of which Plaintiff complain [sic] in this action includes[:]

llllll.Failure to Hire
mmmmmm. Unequal terms and conditions of employment

nnnnnn. Retaliation

Defendant discriminated against Plaintiff based on:

oooooo. Race
pppppp. Color
qqqqqq. Gender
rrrrrr. National Origin
ssssss. Disability
tttttt. Education

*Id.* The form Complaint seeks $ 15,000.00 in damages. *See id.* at 4.

On the form Complaint in the instant case, Plaintiff named Kyle Media, Inc. as a Defendant and indicated he applied for an office manager position on March 29, 2024. Those are the only factual allegations in the Complaint specific to this case. The rest of the form reads as stated above.

### STANDARD OF REVIEW

The Court is required to construe a *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney.[1] *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Pursuant to Sixth Circuit precedent, district courts are permitted to conduct a limited screening procedure and dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter.

---

1 As an initial matter, Plaintiff indicates in a "Disclosure" attached to his form Complaint that he attended law school. (Doc. 1-2, at 1). He does not indicate whether he graduated from law school or passed a bar exam in any state. It is therefore not clear that Plaintiff's *pro se* Complaint is entitled to the liberal construction given to the pleadings prepared by non-attorneys who are not familiar with the law and general pleading requirements.

*Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).

**DISCUSSION**

Plaintiff's prolific filing of frivolous form Complaints is patently vexatious. He currently has over twenty cases pending in this Court, and all but one of them were filed in February 2025. Each day, this Court receives more cases using the same form Complaint. Plaintiff has not put forth a sincere effort to draft a pleading that contains facts specific to each case or an explanation of why he believes he is entitled to relief from any specific Defendant under the various statutes identified. The Complaints do not appear to seek real relief from the Defendants. At best, this conduct could be construed as a misguided attempt to supplement his income through frivolous litigation, hoping one of these cases will produce a settlement or a judgment in his favor. Viewed less generously, it could be construed as harassment of the Defendants and courts. Neither is a proper use of this Court's time and resources.

The Court is aware that, at this stage, Plaintiff is not required to plead his discrimination claims with heightened specificity. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513-14 (2002). Nevertheless, the Supreme Court has held that a Plaintiff must still provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) ("[A] complaint [will not] suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'") (quoting *Twombly*, 550 U.S. at 557). The Sixth Circuit clarified the scope of *Twombly* and *Iqbal*, noting that "even though a Complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the

complaint are true.'" *New Albany Tractor v. Lousiville Tractor*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555) (alteration in original).

Plaintiff's Complaint never rises above the speculative level. He provides no facts specific to this case, and the Court is left to guess his race, color, gender, national origin, and disability; what the actual qualifications for the position were; whether Plaintiff truly met all of those qualifications; and what facts, if any, support his assertion that a decision was made not to hire him and that such decision was based on prohibited criteria.[2] The form Complaint merely states that he applied for a job and ultimately was not offered employment. Simply applying for a job, even if fully qualified, does not guarantee employment, and failure to offer an employment interview, alone is not a violation of federal law. Plaintiff's bare bones form Complaint, devoid of factual allegations and composed entirely of legal conclusions, is not sufficient to meet even the minimum basic pleading requirements in federal court. *See* Fed. R. Civ. P. 8 (a complaint must provide "a short and plain statement of the claim" made by "simple, concise, and direct" allegations); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987) (holding legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept "unwarranted factual inferences"). Plaintiff's repeated filings of the same form Complaint lacking any factual basis is frivolous. This case must be dismissed.

Moreover, it is apparent that unless this Court takes immediate action to curb Plaintiff's patently vexatious and frivolous litigation, he will continue to flood the Lucas County Common Pleas Court and this Federal Court with the same frivolous pleading. Each case, regardless of merit, requires the defendant to secure counsel to file a Notice of Removal and pay the $405.00 filing fee

---

2. Indeed, the form Complaint has a line for the date on which Plaintiff was denied employment; it is left blank. *See* Doc. 1-2, at 4.

to defend against Plaintiff's frivolous claims. And the filing of frivolous lawsuits puts a strain on the courts. "Every paper filed with the Clerk of . . . Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). This Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991). Individuals may of course bring suit, and proceed *pro se*, but there comes a point when the Court can no longer allow Plaintiff to misuse the judicial system at defendants' and taxpayers' expense.

Therefore, Plaintiff is permanently enjoined from filing any new lawsuits in federal court without first seeking and obtaining leave of court. To do so, he must file a "Motion Pursuant to Court Order Seeking Leave to File" and he must attach to that Motion: (1) any new pleading he proposes to file and (2) a copy of this Order. The Motion shall be filed in a miscellaneous case. The Court may deny any Motion for Leave to File if the proposed pleading is frivolous, vexatious or harassing. If the Motion is denied, the document shall not be filed. The Clerk's Office shall not accept any document submitted by Plaintiff for filing in this Court unless it is specifically identified as a "Motion Pursuant to Court Order Seeking Leave to File," and contains the proposed document he seeks to file and a copy of this Order. The Clerk's Office shall not accept any other documents for filing unless and until leave to file is granted. Further, Plaintiff's failure to comply with the terms of this Order shall be sufficient ground for this Court to deny any Motion for Leave to File, and may be considered an act of contempt for which he may be punished accordingly.

In addition, if Plaintiff files a Complaint in another federal court or a state court and that action is either transferred or removed to this Court, the action automatically will be stayed, and

Plaintiff shall have fifteen (15) days from the date of the transfer or removal to file a Motion for Leave to Proceed. If Plaintiff does not file such a Motion for Leave to Proceed or if the Court deems the proposed action frivolous, leave to proceed will be denied and the case will be dismissed without prior notice. During the time the case is stayed, the Court shall not accept any documents for filing, except a Motion for Leave to Proceed, filed by Plaintiff. Moreover, Plaintiff is cautioned that if he continues to file patently vexatious and frivolous actions after the date of this Order, this Court may impose additional sanctions including but not limited to payment of the Defendants' attorney fees and litigation costs.

### CONCLUSION

For the foregoing reasons, good cause appearing it is

ORDERED that this action is DISMISSED, *Apple*, 183 F.3d at 479; and it is

FURTHER ORDERED that Plaintiff is permanently enjoined from filing new actions in this Court without leave of court; and it is

FURTHER ORDERED that if Plaintiff files an action in state court or another federal court, and that action is removed or transferred to this Federal Court, the action automatically will be stayed and Plaintiff must seek leave of court to proceed within fifteen (15) days of the date of transfer or removal; and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: February 28, 2025

7